**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**WELLS FARGO BANK, NATIONAL**
**ASSOCIATION AS TRUSTEE FOR**
**OPTION ONE MORTGAGE LOAN**
**TRUST 2007-1, ASSET-BACKED**
**CERTIFICATES, SERIES 2007-1,**

        **Plaintiff,**

**v.**                                                                                     **CASE No. 15-cv-00559-M-PAS**

**JOHN W. STREETER, JILL A.**
**STREETER f/k/a JILL A. UNDERWOOD,**
**CAPITAL ONE BANK (USA), N.A.,**
**RUMFORD CREDIT SERVICES, INC.,**
**PEOPLES MOVING AND STORAGE,**
**INC., CINCO PLUMBING AND HEATING,**
**INC. and KENT COUNTY MEMORIAL**
**HOSPITAL,**

        **Defendants**
_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION FOR SUMMARY JUDGMENT AGAINST RUMFORD CREDIT**
**SERVICES, INC.**

Now comes the Plaintiff and submits this Memorandum of Law in Support of its Motion

for Summary Judgment against the Defendant, Rumford Credit Services, Inc. ("Rumford"), the

only Defendant who has appeared in this judicial foreclosure action.  The Court entered a default

judgment against all other defendants on January 4, 2017.  Plaintiff holds and seeks to foreclose

by judgment and order of sale from this Court pursuant to R.I. G.L. §34-27-1 a 2006 first

mortgage given by the Streeter Defendants in the original principal amount of $308,800.00.

Rumford recorded an execution for $3,059.73 in April of 2008.  Rumford raises no affirmative

defenses in its Answer.

1

Relevant Facts

The following summary is derived from the Statement of Undisputed Material Facts ("Statement") as supported therein by citations to the summary judgment record.

The Streeter Defendants acquired property at 37 Nekick Road in Warwick, Rhode Island (the "Property") by Warranty Deed in November, 2006 [Statement, ¶ 1].

Also, in November of 2006 and to facilitate their purchase of the Property the Streeters secured a mortgage loan from Option One Mortgage Corporation ("Option One") as evidenced by (a) a promissory for $308,800.00 given by the Streeter Defendants to Option One (the "Note") and also by (b) a mortgage in the same amount given by the Streeter Defendants to Option One and duly recorded with the City of Warwick Land Evidence Records on November 14, 2006 in Book 6388, Page 133 (the "Mortgage"). [Statement, ¶¶ 2 and 4 and certified copy of the Mortgage attached as Exhibit B to the Complaint].

On April 30, 2008, the Defendant, Rumford, caused an execution for $3,059.73 to be recorded with the City of Warwick Land Evidence Records in Book 6836, Page 296 (the "Rumford Execution"). [Statement, ¶ 14].

The Plaintiff, through its loan servicer, Ocwen Loan Servicing, LLC is in physical possession of the original Note. The Note contains a single indorsement in blank by Option One. [Statement,¶¶ 3 and 4].

Option One changed its name to Sand Canyon Corporation effective May 29, 2008 by Articles of Amendment filed with the California Secretary of State's Office [Statement, ¶ 6].

Sand Canyon Corporation f/k/a Option One assigned the Mortgage to the Plaintiff by assignment dated July 6, 2009 and recorded with the City of Warwick Land Evidence Records in Book 7099, Page 159.  [Statement, ¶ 7]

The terms of the Note [Exhibit 1 to the Complaint, ¶ 2] and of the Mortgage [Exhibit 2 to the Complaint, ¶¶ 2 and 21] required the Streeters to make monthly payments of principal, interest, tax and insurance [Statement, ¶ 9].

The Streeters defaulted on their payment obligations under the Note and Mortgage in July, 2014 by failing to make the July 1, 2014 monthly payment.  Their mortgage account with Ocwen Loan Servicing, LLC as loan servicer for the Plaintiff remains due for the July 1, 2014 payment together with all subsequently accrued installments.  As such the account is now thirty-one (31) payments in arrears.  [Statement,¶ 10].

Though not required under the terms of this particular form utilized by Option One, Ocwen mailed the Streeter Defendants a Notice of Default dated May 19, 2015 [Statement, ¶ 11]. As the Streeter Defendants failed to cure the default, Ocwen retained undersigned counsel's firm, Korde & Associates, P.C. of Chelmsford, MA (the "Firm") to foreclose the Mortgage.  On behalf of the Plaintiff, the Firm sent Notices of Acceleration to the Streeter Defendants by certified and regular mail on August 28, 2015 accelerating the entire unpaid loan balance. [Statement, ¶¶ 10, 13].

In the event of default under the terms of the Note and Mortgage, including a failure to make monthly installment payments as required under the Note, paragraph 21 of the Mortgage permits the Mortgage holder to invoke and exercise the Statutory Power of Sale "and/or any other remedies or take any other actions permitted by applicable law."

<u>Plaintiff Has Standing to Bring This Action</u>

Here the Plaintiff has asserted that it is both the holder of the Note (Complaint, ¶ 30) and assignee of the Mortgage (Complaint ¶ 16) given by the Streeters and seeks in the Complaint,

inter alia, a declaratory judgment that it is the holder of the Note and holder of the Mortgage (Complaint ¶ 30, Prayer for Relief (b)).

Plaintiff is the Holder of the Note

The Note contains an unconditional promise to pay a fixed amount of money ($308,800.00) with interest to the order of Option One payable at a definite time (see paragraph 3 of the Note) and does not contain any undertaking or waiver of the kind set forth in R.I.G.L. § 6A(a)-3-104(a)(3) and thus is a negotiable instrument as defined in R.I.G.L. § 6A-3-104(a).

The Plaintiff, through its loan servicer, Ocwen, is in possession of the original Note containing a single indorsement in blank by Option One. No other indorsements appear on the Note. "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically indorsed." R.I.G.L. § 6A-3-205(b). For purposes of title 6A, the word "holder" means a "person in possession of a negotiable instrument that is payable either to bearer or an identified person that is the person in possession" R.I.G.L. § 6A-1-201(b)(21). Since Plaintiff is in possession of the Note payable to the bearer it is the holder of the Note. Pursuant to §6A-3-301 Plaintiff, as holder of the Note, is entitled to enforce the instrument.

Plaintiff is the Holder of the Mortgage

The original mortgagee (Option One now known as Sand Canyon Corporation) assigned the Mortgage securing the Note to Plaintiff by instrument duly recorded with the City of Warwick Land Evidence Records in July, 2009. The Mortgage has not been further assigned by any instrument appearing in the Land Evidence Records through January 5, 2017 [Statement, ¶ 8].

The Streeters were required under the terms of the Note and Mortgage to make monthly payments to Ocwen as loan servicer for in the Plaintiff and they are now thirty-one (31) months in arrears.  As such the Plaintiff has demonstrated the particularized injury and right to enforce the Note and Mortgage necessary to substantiate its standing to bring this judicial foreclosure action.

<u>The Mortgage Instrument Does Not Preclude the Lender from Availing itself of the Judicial Foreclosure Remedy Provided for By R.I.G.L. §§ 34-27-1</u>

Unlike the Uniform Fannie Mae/Freddie Single Family Mortgage instrument, the terms of this particular Mortgage do not require the mortgagee to send a notice of default to the mortgagors as a condition precedent to either accelerating the Note balance or commencing foreclosure of the Mortgage (see Exhibit 2 to the Complaint, ¶ 21). Notwithstanding the absence of such a requirement, Ocwen did, in fact, send the Streeter Defendants a notice of default dated May 19, 2015 advising them that if the default were not cured in a timely manner then the mortgagee could exercise its right to commence foreclosure of the Mortgage.

Specifically, the Mortgage provides that:

>  "[i]f any installment under the Note or notes is not paid when due, .   .   . all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance.  In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the STATUTORY POWER OF SALE *and any other remedies permitted by Applicable Law [emphasis added by italics]."* (See attested copy of the Mortgage annexed as Exhibit 2 to the Complaint, ¶ 21).

Thus, the Mortgage instrument itself does not preclude the Plaintiff from availing itself of a judicial foreclosure process in lieu of its exercise of the statutory power of sale, a judicial foreclosure being another remedy permitted by "Applicable Law".

<u>The Mediation Conference Statute, R.I.G.L. 34-27-3.2 Expressly Permits</u>
<u>A Mortgagee to Prefer and Commence a Judicial Foreclosure Action Without</u>
<u>Rendering a Notice of Mediation Conference to the Mortgagor</u>

The initial iteration of R.I.G.L. 34-27-3.2 became effective on September 13, 2013 by Pub. Laws, ch. 325,§ 1.  The General Assembly has twice amended the statute, the first amendment became effective on October 6, 2014 (2014 Pub. Laws, ch. 543, §1, eff. 10/6/14) and the second amendment became effective as of July 2, 2015 (2015 Pub. Laws, ch. 147, §1, eff. 7/2/15).

The 2013 iteration of the statute provided, in relevant part that "[n]o mortgagee may initiate any foreclosure of real estate pursuant to 34-27-4(b) unless the requirements of this section have been met" [§ 34-27-3.2(d)].  The statute required a mortgagee who sought to foreclose its mortgage by exercise of the power of sale contained in the mortgage under § 34-27-4(b) to issue a notice to the mortgagor (defined therein as "owner of the property subject to a mortgage") informing him or her that the mortgagee may not foreclose without participating in a mediation conference (§ 34-27-3.2(e)).  The form of notice was to be as proscribed by the Department of Business Regulation (subsection (f) of the 2013 version of the statute).  The notice was to be issued "when a mortgage is not more than one hundred twenty (120) days delinquent" (subsection (e) of the 2013 version of the statute).  Finally, the 2013 version of the statute provided in subsection (n) that "[n]o deed offered by a mortgagee as a result of a mortgage foreclosure action shall be submitted to a city or town recorder of deeds for recording in the land evidence records of the city or town unless the requirements of this section are met."

Thus, the initial version of § 34-27-3.2 (sometimes referred to herein as the "mediation conference statute") afforded no clear path to consummating a foreclosure action of any type (whether judicial or non-judicial) by a mortgagee who, for any reason, neglected to send the

notice of mediation conference to the mortgagor at a time when the loan was not more than 120 days delinquent. When the Borrowers' loan became delinquent on July 1, 2014, the initial version of the mediation statute was in effect.

The General Assembly addressed this predicament by amending the statute effective October 6, 2014 (See copy at TAB 1) by affording the mortgagee who had neglected to send the required notice within the first 120 days of delinquency with two options.   The first was to pay a fine of $1,000.00 for every month or portion of a month that the notice had not been sent beyond the 120th day of delinquency (10-6-14 version of 34-27-3.2(d)(1)).   The second remedy for a mortgagee who had neglected to send the notice was subsection (d)(5) of the statute as amended effective 10-6-14 which provides as follows: ***"[n]otwithstanding any other provisions of this section, a mortgagee may initiate a judicial foreclosure in accordance with § 34-27-1."*** (emphasis added by italics and bold)

Thus, in bringing this judicial foreclosure action the Plaintiff is simply availing itself of the remedy expressly provided by the mediation conference statute to those mortgagees who for whatever reason did not issue a notice of mediation conference within the time period otherwise required by subsection (d)(1) of the statute.   Subsection (d) (5) of 34-27-3.2 remains unchanged in the statute as further amended effective July 2, 2015 (see copy at TAB 2).   Subsection (d)(5) of the mediation conference statute, as amended, could not be clearer.   "Notwithstanding any other provisions of this section" means what it says, i.e. a mortgagee who elects to foreclose judicially pursuant to R.I.G.L. § 34-27-1 may do so without having rendered a notice of mediation conference to the borrower.

Thus the mediation statute makes it abundantly clear in not one but two of its subsections that a mortgagee who brings a complaint to judicially foreclose its mortgage is under no

requirement to send a notice of mediation conference.  First, the statute by its express terms limits the requirement to send the notice of mediation conference in the first place to instances where the mortgagee seeks to initiate foreclosure "pursuant to § 34-27-4(b)." R.I.G.L. § 34-27-1 (d) ["The mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), . . . ].  G.L. § 34-27-4(b) governs the non-judicial exercise of the power of sale contained in a mortgage.  Second, subsection (d)(5) of G.L. § 34-27-3.2 states in unequivocal and unconditional terms that "Notwithstanding <u>any</u> other provisions of this section, a mortgagee may initiate a judicial foreclosure in accordance with § 34-27-1" (<u>emphasis added</u>).  G.L. § 34-27-1 provides that "[a]ny person entitled to foreclose the equity of redemption in any mortgaged estate, whether real or personal, may prefer a complaint to foreclose it, . . ."

When construing a statute, the "[C]ourt has the responsibility of effectuating the intent of the Legislature by examining the statute in its entirety and giving words their plain and ordinary meaning." *Nassa v. Hook SupeRx, Inc.,* 790 A.2d 368, 370 (R.I. 2002) (quoting *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire,* 637 A.2d 1047, 1049 (R.I. 1994). The plain and ordinary meaning of the legislature to exempt judicial foreclosures from the requirement of sending a notice of mediation conference could not be any more clearly articulated than in the two subsections of § 34-27-3.2.

Moreover, it can hardly be argued that Subsection (d)(5) of the mediation conference statute providing that a mortgagee may initiate a judicial foreclosure in accordance with § 34-27-1 "notwithstanding any other provisions of this section" appears in the statute as an afterthought or by some inadvertent act of the legislature.  Rather, it was <u>added</u> by the General Assembly in the second iteration of the statute that became effective October 6, 2014 and retained in the third iteration that became effective July 2, 2015.

A mortgagee's right to bring a judicial foreclosure as set forth in § 34-27-3.2(d)(5) is otherwise without condition or limitation. Had the General Assembly intended to attach conditions to a mortgagee's right to foreclose judicially without sending a notice of mediation conference it could have easily done so in either the 2nd or 3rd iterations of the statute.  Instead, however, the right remains unequivocal and without condition or limitation to those persons entitled to foreclose the equity of redemption in a mortgaged estate.

<u>The Judicial Foreclosure Process Provides the Mortgagor with Equal or Greater Protections Than Those Provided by the Mediation Conference Contemplated Under the Mediation Conference Statute</u>

The mediation statute states that the mediation conference shall take place "not later than sixty (60) days following the mailing of the notice" (§ 34-27-3.2(f)).   Subsection (g) of the statute requires the mediation coordinator to make two (2) "attempts" to "contact the mortgagor" for purposes of scheduling a mediation conference.  If the mortgagor fails to respond to coordinator's attempts to schedule a conference or to otherwise cooperate with the coordinator, the coordinator may issue a certificate to the mortgagee permitting such mortgagee to proceed with foreclosure.  The statute does not mandate on its face that attempts by the mediation coordinator take the form of a writing, much less prescribe the manner in which any such written notice must be sent.

Conversely, a judicial foreclosure action is commenced and prosecuted with all of the attendant procedures and court rules related to "due process" applicable to any other action or suit filed by a party plaintiff.

Indeed, this action was served on all "mortgagors" within the meaning of the mediation conference statute.  Thereafter the mortgagors as well as all other defendants had the opportunity

to avail themselves of all the procedural rules, including the rules applicable to discovery, otherwise applicable to suits commenced in the United States District Court.

The Plaintiff respectfully submits that the procedural safeguards afforded mortgagor-defendants in a judicial foreclosure action are certainly the equal of, and more candidly vastly superior to, any protections afforded by the mediation conference procedure set forth in R.I.G.L. § 34-27-3.2.  The General Assembly tacitly reached this same conclusion by expressly providing in R.I.G.L. § 34-27-3.2 (d)(5) that a mortgagee who commences a judicial foreclosure action under § 34-27-1 need not have sent a notice of mediation conference to the mortgagor as precondition to commencing said action.

<u>Rumford Has and Has Not Asserted Any Affirmative Defenses</u>

As holder of the Note and Mortgage the Plaintiff has the right to exercise the default remedies provided for in such instruments including bringing this action to judicially foreclose the Mortgage pursuant to §34-27-1.

Rumford has asserted no affirmative defenses in its Answer instead leaving Plaintiff to its proof as to the allegations asserted in its Complaint, a burden the Plaintiff has squarely met by through the uncontroverted affidavits comprising the summary judgment record.

As the Plaintiff seeks a judgment authorizing it to conduct a public sale on the Property and to advertise and notice such sale in the same or similar manner as provided for in G.L. §34-27-4(b) for exercising the statutory power of sale, Rumford will be given advance written notice of the sale and afforded the opportunity to be present and bid in at the sale as its deems appropriate to protect its interests.

Consistent with prayers (a) (b), (d) and (e) of the Complaint and the default judgment that has already entered as to all other defendants in this case, the proposed judgment would decree

that Plaintiff is the holder of the Note and the holder of the Mortgage, that the Streeters are in default of their obligations under the Note and Mortgage, and that Plaintiff is authorized to conduct a public sale of the Property in accordance with the terms and conditions of the judgment.  The Sale would be conducted in the same or similar manner as that provided for in R.I.G.L. § 34-27-4(b) (proposed Judgment, ¶¶ 7 and 10).  The proposed Judgment would also require the Plaintiff to move this Court for approval of the sale within 120 days of the sale date (proposed Judgment, ¶ 10).

WHEREFORE, the Plaintiff respectfully requests that the Court:

(a)  Grant the Plaintiff's Motion for Summary Judgment as to the Defendant, Rumford Credit Services, Inc.;

(b)  Grant such further relief as the Court deems just.

Dated:   January 23, 2017                    Respectfully submitted,

                                             Wells Fargo Bank, N.A., as Trustee for Option One
                                             Mortgage Loan Trust 2007-1, Asset-Backed
                                             Certificates, Series 2007-1,
                                             By its Attorney,


                                             /s/ John S. McNicholas
                                             John S. McNicholas, Esq. RI Bar #8732
                                             Korde & Associates, P.C.
                                             900 Chelmsford Street, Suite 3102
                                             Lowell, MA 01851
                                             (978) 256-1500 (ext. 203)
                                             jmcnicholas@kordeassociates.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify I served a copy of Plaintiff's Motion for Summary Judgment against Rumford Credit Services, Inc., Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment against Rumford Credit Services, Inc., Statement of Undisputed Material Facts, Affidavit of Yvonne Belcher, Affidavit of John S. McNicholas, Affidavit of Shana Costa and Affidavit of Chris Heffernan upon:

John W. Streeter
37 Nekick Road
Warwick, RI 02818

Jill A. Streeter f/k/a Jill A. Underwood
37 Nekick Road
Warwick, RI 02818

Nicholas C. Barrett
999 South Broadway
East Providence, RI 02914

People's Moving and Storage, Inc.
133 Central Street
Warwick, RI 02886

Kent County Memorial Hospital
455 Toll Gate Road
Warwick, RI 02886

Cinco Plumbing and Heating, Inc.
404 Franklin Road
Coventry, RI 02816

Capital One Bank
1680 Capital One Drive
McLean, VA 22102

by certified and first class mail this 23rd day of January, 2017.

/s/ John S. McNicholas
John S. McNicholas, Esq., RI# 8732

12